IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

ESTATE OF LORA MAE BURNS,
*by and through* REBECCA VANCE,
*as Administratrix of the Estate of
Lora Mae Burns*,

                  Plaintiffs,

v.                                          CIVIL ACTION NO.  5:18-cv-00888

DR. STEPHEN M. COHEN, *M.D.*,

                  Defendant.

**MEMORANDUM OPINION AND ORDER**

      The Court has reviewed *Stephen M. Cohen, M.D,'s Motion to Strike Plaintiff's Untimely Expert Witness Disclosure and Motion for Summary Judgment* (Document 19), the *Memorandum of Law in Support of Stephen M. Cohen, M.D.'s Motion to Strike Plaintiff's Untimely Expert Witness Disclosure and Motion for Summary Judgment* (Document 20), *Plaintiff's Response to Defendant's Motion to Strike Plaintiff's Untimely Expert Witness Disclosure and Motion for Summary Judgment and Plaintiff's Motion to Dismiss Defendant's Motion to Strike and Motion for Summary Judgement* (Document 26), *Stephen M. Cohen, M.D,'s Reply to Plaintiff's Response to Defendant's Motion to Strike Plaintiff's Untimely Expert Witness Disclosure and Motion for Summary Judgment* (Document 27), and the attached exhibits.

      The Court has also reviewed *Defendant's Motion for Partial Summary Judgment as to Punitive Damages* (Document 30), the Defendant's *Memorandum of Law in Support of*

1

*Defendant's Motion for Partial Summary Judgment as to Punitive Damages* (Document 31), the Plaintiff's *Memorandum of Law in Opposition of Defendant's Motion for Partial Summary Judgment as to Punitive Damages* (Document 32), and the *Defendant's Reply to Plaintiff's Memorandum of Law in Opposition of Defendant's Motion for Partial Summary Judgment as to Punitive Damages* (Document 33), and the attached exhibits.

For the reasons stated herein, the Court finds that both motions should be denied.

**FACTS**

On April 11, 2018, the Plaintiff, the Estate of Lora Mae Burns, by and through Rebecca Vance, Adminstratix, filed a *Complaint* (Document1-1) against the Defendant, Stephen M. Cohen, M.D., in the Circuit Court of Greenbrier County, West Virginia. On May 2, 2018, the case was removed to this Court. The Complaint alleges that the Defendant, as a general surgeon, was negligent and did not meet the standard of care for Ms. Burns.

From June 4, 2015, until she died on December 16, 2015, Ms. Burns was a resident of White Sulphur Spring Center, a skilled nursing facility in Greenbrier County. On July 16, 2015, Ms. Burns had her first consultation with the Defendant at the Greenbrier Valley Medical Center ("GVMC"). During the consultation, the Defendant explained to Ms. Burns that based on the information contained in his notes, an esophagogastroduodenoscopy ("EGD") was medically necessary to repair an ulcer in her stomach. Initially, Ms. Burns refused the procedure, however, about an hour later, after a second consultation with the Defendant, Ms. Burns agreed to the procedure. On July 17, 2015, the Defendant performed an EGD on Ms. Burns to repair an ulcer in her stomach. On September 9, 2015, the Defendant performed a second EGD as well as a biopsy on Ms. Burns.

On December 15, 2015, the Defendant performed a colonoscopy and placed a percutaneous endoscopic gastrotomy ("PEG") tube in Ms. Burns' stomach. After the surgical procedure, the Defendant discharged Ms. Burns from GVMC to White Sulphur Spring Center. The Plaintiff alleges that the Defendant released Ms. Burns to the White Sulphur Spring Center without detailed discharge instructions with respect to monitoring her or what to do if she pulled out her PEG tube.

After she was discharged on December 15, 2015, staff at White Sulphur Spring Center discovered that Ms. Burns had pulled out the PEG tube placed by the Defendant earlier that day. On December 16, 2015, staff at the White Sulphur Spring Center discovered that Ms. Burns was unresponsive. She was transported to the Greenbrier Emergency Department. After preliminary treatment at the Greenbrier Emergency Department, she was airlifted to the Charleston Area Medical Center, where she died. Ms. Burns death certificate states that the cause of death was bowel perforation, pulled PEG tube, delirium, and hypoglycemia.

## STANDARD OF REVIEW

The well-established standard in consideration of a motion for summary judgment is that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a)–(c); *see also Hunt v. Cromartie*, 526 U.S. 541, 549 (1999); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Hoschar v. Appalachian Power Co.*, 739 F.3d 163, 169 (4th Cir. 2014). A "material fact" is a fact that could affect the outcome of the case. *Anderson*, 477 U.S. at 248; *News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth.*, 597 F.3d 570, 576 (4th Cir. 2010). A "genuine issue" concerning a material fact exists when the evidence is sufficient to allow a reasonable jury to return a verdict

in the nonmoving party's favor. *FDIC v. Cashion*, 720 F.3d 169, 180 (4th Cir. 2013); *News & Observer*, 597 F.3d at 576.

The moving party bears the burden of showing that there is no genuine issue of material fact, and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp.*, 477 U.S. at 322–23. When determining whether summary judgment is appropriate, a court must view all of the factual evidence, and any reasonable inferences to be drawn therefrom, in the light most favorable to the nonmoving party. *Hoschar*, 739 F.3d at 169. However, the nonmoving party must offer some "concrete evidence from which a reasonable juror could return a verdict in his favor." *Anderson*, 477 U.S. at 256. "At the summary judgment stage, the non-moving party must come forward with more than 'mere speculation or the building of one inference upon another' to resist dismissal of the action." *Perry v. Kappos*, No.11-1476, 2012 WL 2130908, at *3 (4th Cir. June 13, 2012) (unpublished decision) (quoting *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985)).

In considering a motion for summary judgment, the court will not "weigh the evidence and determine the truth of the matter," *Anderson*, 477 U.S. at 249, nor will it make determinations of credibility. *N. Am. Precast, Inc. v. Gen. Cas. Co. of Wis.*, 2008 WL 906334, *3 (S.D. W. Va. Mar. 31, 2008) (Copenhaver, J.) (citing *Sosebee v. Murphy,* 797 F.2d 179, 182 (4th Cir. 1986). If disputes over a material fact exist that "can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," summary judgment is inappropriate. *Anderson*, 477 U.S. at 250. If, however, the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case," then summary judgment should be

granted because "a complete failure of proof concerning an essential element . . . necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322–23.

**DISCUSSION**

The first motion requests that an untimely witness disclosure be stricken, and that summary judgment be granted due to the resultant lack of evidence. The Defendant argues that the Plaintiff violated the Court's scheduling order by failing to disclose its expert witness timely. In doing so, the Defendant argues that the Plaintiff has provided no justifiable excuse for the delay and, in effect, forced the Defendant to disclose its expert only ten (10) days after the Plaintiff disclosed its expert witness.[1] The Plaintiff essentially concedes that its disclosures were not timely, but contends that the Defendant was made aware of their plans to use an expert witness based on discovery.

Rule 26 of the Federal Rules of Civil Procedure mandates that parties disclose "the name and, if known, the address and telephone number of each individual likely to have discoverable information -- along with the subjects of that information -- that the disclosing party may use to support its claims or defenses. . ." Fed. R. Civ. P. 26(a)(1)(A)(i). The rule also governs expert testimony. Fed. R. Civ. P. 26(a)(2). "The purpose of Rule 26(a) is to allow litigants to adequately prepare their cases for trial and to avoid unfair surprise." *Bresler v. Wilmington Trust Co.*, 855 F.3d 178, 190 (4th Cir. 2017) (internal quotation marks omitted).

---

[1] The Scheduling Order required the Plaintiff to disclose its expert witness no later than January 11, 2019, and the Defendant to disclose its expert witness by February 8, 2019. The Plaintiff did not make its Rule 26 (a)(2)(A)-(C) disclosures until January 29, 2019 (Document 14).

5

When a party fails to make a disclosure, as required by Rule 26, the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or harmless. "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. Fed. R. Civ. P. 37(c)(1). "The party failing to disclose information bears the burden of establishing that the nondisclosure was substantially justified or was harmless." *Bresler v. Wilmington Tr. Co.*, 855 F.3d 178, 190 (4th Cir.), *cert. denied,* 138 S. Ct. 470, 199 L. Ed. 2d 357 (2017) (citation omitted).

When determining whether a nondisclosure of evidence is substantially justified or harmless for purposes of a Rule 37(c)(1) exclusion analysis, the Fourth Circuit has instructed district courts to consider the following factors:

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

*S. States Rack and Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003). Courts are not obligated to "tick through each of the *Southern States* factors." *Wilkins v. Montgomery*, 751 F.3d 214, 222 (4th Cir. 2014).

The Court's scheduling order manages the flow of the case from the date it is entered through the beginning of trial. The Court does not enter scheduling orders lightly and admonishes the Plaintiff for failing to adhere to the one entered in this case. However, after reviewing the facts in this case and considering the *Southern States* factors, the Court finds that a 37(c)(1)

sanction is not appropriate. The first two factors weight heavily in favor of the Plaintiff. The *Complaint* (Document 1-1), which included a *Screening Certificate of Merit* written by Dr. Fred Simon and his *curriculum vitae*, is attached to the *Notice of Removal* (Document 1). Notably West Va. Code § 55-7B-6(b) mandates that before filing a medical professional liability action against a health care provider, the claimant must first serve the provider with a notice of claim which includes a statement of the theory of the case as well as a certificate of merit executed by a health care provider attesting under oath to the validity or merits of the claim. *Id*. While it is reasonable for the Defendant to not assume that the same doctor who provided the certificate of merit would also serve as an expert witness at trial, it certainly is not surprising given the doctor's familiarity with the record in the case. Nor is it surprising that the Plaintiff would have an expert witness to support their theory of the case in a medical malpractice case. *See Roberts v. Gale*, 139 S.E.2d 272, 276 (W. Va. 1964) ("It is the general rule that in medical malpractice cases negligence or want of professional skill can be proved only by expert witnesses."). Additionally, the Plaintiff concedes that while the Defendant did not properly disclose the expert witness pursuant to the Court's order, the Plaintiff was aware that Dr. Simon would be testifying through written discovery. Allowing the evidence will cause no disruption to the trial, since the trial has not occurred, and the Defendant was made aware of this witness months ago. Further, the evidence is critical for the Plaintiff's case. If the Court were to exclude this testimony, the Plaintiff would have no witness that could speak to the Defendant's medical standard of care. Again, while the Court admonishes the Plaintiff for its failure to follow the scheduling order, a 37(c)(1) sanction is not an appropriate punishment. Doing so would grossly punish the client, for the lawyer's oversight. This ruling is aligned with the purpose of Rule 26(a), because the delay

did not deter the litigants from adequately preparing for trial and any surprise caused by the delay is de minimis. The Plaintiff exceeded a discovery deadline by approximately two weeks, several months before trial. Parties are expected to comply with deadlines and request additional time in advance of the deadline if necessary, but a Defendant is not entitled to judgment in its favor because a Plaintiff missed a disclosure deadline that in no way prejudiced the Defendant's ability to defend the case on the merits. Therefore, the Court finds that although the Plaintiff did not timely make her Rule 26 disclosure of the expert witness, the error was harmless.

In the second motion, the Defendant moves for summary judgment on the issue of punitive damages. The Defendant argues that there is no evidence that Dr. Cohen acted with actual malice, or with a conscious, reckless, and outrageous indifference to the health, safety, and welfare of others during his care of Ms. Burns. The Defendant contends that because the Plaintiff's claim relies on the theory of negligence, the jury would have no basis to award punitive damages. The Plaintiff argues that punitive damages are appropriate for the jury's consideration because there is evidence that the defendant acted with malice, or extreme negligence that would likely cause serious harm. The Plaintiff also notes that there is expert testimony which proves that the Defendant's conduct was beyond simple negligence and rose to the level of extremely negligent, or malicious, care of Ms. Burns.

Pursuant to the law in West Virginia:

> [a]n award of punitive damages may only occur in a civil action against a defendant if a plaintiff establishes by clear and convincing evidence that the damages suffered were the result of the conduct that was carried out by the defendant with actual malice toward the plaintiff or a conscious, reckless and outrageous indifference to the health, safety and welfare of others.

W. Va. Code § 55-7-29(a) (2015). The Supreme Court of West Virginia has noted that punitive damages are intended to "(1) to punish the defendant; (2) to deter others from pursuing a similar course; and, (3) to provide additional compensation for the egregious conduct to which the plaintiff has been subjected." *Hannah v. Heeter*, 584 S.E.2d 560, 573 (2003) (*quoting Harless v. First Nat. Bank in Fairmont*, 289 S.E.2d 692, 702 (1982)). Punitive damages are not appropriate in case of "simple negligence." *Bennett v. 3 C Coal Co.*, 379 S.E.2d 388, 394 (1989). Punitive damages are appropriate "where there is evidence that a defendant acted with wanton, willful, or reckless conduct or criminal indifference to civil obligations affecting the rights of others to appear or where the legislature so authorizes." *Karpacs-Brown v. Murthy*, 686 S.E.2d 746, 757 (2009) (citations omitted). Punitive damages should only be available when the defendant is guilty of "extreme and egregious bad conduct." *Perrine v. E.I. du Pont de Nemours & Co.*, 225 694 S.E.2d 815, 909 (2010). "It is the exception, not the rule, as the level of bad conduct on the part of a defendant must be very high in order to meet the punitive standard." *Id*. 909-10.

The Court finds that there is a dispute of material fact as to whether the Defendant's conduct rises to the level of conscious, reckless, and outrageous indifference. As such, summary judgment is not appropriate. The Defendant has presented evidence, through expert witness testimony, that Ms. Burns was an appropriate surgical candidate for a PEG tube, and that the Defendant fully met the standard of care during his care and treatment of Ms. Burns. The Plaintiff has also presented evidence from an expert witness that the Defendant did not adhere to the appropriate standard of care in treating Ms. Burns, because at the time of her surgery she had pneumonia, because he made the decision to place the PEG tube instead of a more secure surgical tube into Ms. Burns, because she was released from his care while her blood pressure was unstable,

9

and because he failed to provide instructions on how to care for Ms. Burns if she pulled the tube out. In light of the evidence on both sides of this question, there is a material dispute of fact of whether the Defendant provided the appropriate standard of care, whether he was negligent, or whether he was grossly negligent.

The Defendant's position appears to be that because the Plaintiff's expert witness did not expressly state that the Defendant's conduct was "extreme and egregious bad conduct" or use the legal terms wanton, willful, reckless conduct, or criminal indifference, the Court should deprive the jury of the opportunity to hear the evidence and make that determination. Viewing the evidence in the light most favorable to the non-moving party, a jury could make a reasonable inference that the Defendant was grossly negligent. The jury could also review the evidence in this case and find that the Defendant fully met the correct standard of care. However, the Court will not make this determination simply because the expert witness did not use the "magical" words. The jury sitting as the finder of fact makes that determination.

The Defendant relies heavily on *Karpacs-Brown v. Murthy*, 686 S.E.2d 746 (2009), to support the motion. In *Karpacs-Brown,* the Supreme Court of Appeals for West Virginia considered a court's decision to refuse to give a jury instruction permitting an award of punitive damages. *Id*. at 757. The Court affirmed the lower court's decision because a doctor testified that the defendant did not engage in medical malpractice and defended the reasons for the defendant's method of treatment. *Id*. In this case, there is conflicting evidence from competing expert witnesses, who intend to testify about Ms. Burns' medical care. *Id*. Similar to the court in *Karpacs-Brown*, the Court finds that the evidence should be presented to the jury. The parties will be free to make any appropriate motions with respect to whether the evidence warrants a

punitive damages instruction. However, at this stage of the litigation, the Court finds that the Plaintiff met its burden of producing sufficient evidence on this issue to create a genuine dispute of material fact for presentation at trial.

## CONCLUSION

WHEREFORE, after careful consideration, the Court **ORDERS** that *Stephen M. Cohen, M.D,'s Motion to Strike Plaintiff's Untimely Expert Witness Disclosure and Motion for Summary Judgment* (Document 19) and *Defendant's Motion for Partial Summary Judgment as to Punitive Damages* (Document 30) be **DENIED**.

The Court **DIRECTS** the Clerk to send a certified copy of this Order to counsel of record and to any unrepresented party.

ENTER: June 19, 2019

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA