IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

ESTATE OF LORA MAE BURNS,
*by and through* REBECCA VANCE,
*as Administratrix of the Estate of*
*Lora Mae Burns*,

              Plaintiffs,

v.                                          CIVIL ACTION NO. 5:18-cv-00888

DR. STEPHEN M. COHEN, *M.D.*,

              Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed *Stephen M. Cohen, M.D.'s Notice of Consideration of Fault of Nonparties* (Document 21), the *Plaintiff's Motion to Dismiss Defendant's Notice of Consideration of Fault of Nonparty Pursuant to WV Code § 55-7-13d* (Document 24), the *Plaintiff's Brief in Support of Its Motion to Dismiss Defendant's Motion in Consideration of Fault of Nonparties* (Document 25), and *Stephen M. Cohen, M.D.'s Response in Opposition to Plaintiff's Motion to Dismiss Defendant's Notice of Consideration of Fault of Nonparties* (Document 28). For the reasons stated herein, the Court finds that the Plaintiff's Motion to Dismiss Defendant's Notice of Consideration of Fault of Nonparty should be denied.

**FACTUAL AND PROCEDURAL BACKGROUND**

The Plaintiff's complaint alleges that on December 15, 2015, Dr. Cohen performed a procedure on Ms. Burns at Greenbrier Valley Medical Center ("GVMC"), which involved the placement of a percutaneous endoscopic gastrostomy ("PEG") tube. Following the procedure,

Ms. Burns was transferred to White Sulphur Springs Medical Center. The complaint further alleges that the staff at White Sulphur Springs Medical Center discovered on December 15, 2015, that Ms. Burns had pulled the PEG tube out. Ms. Burns was transported to GVMC to treat the pulled PEG tube on December 16, 2015. Ms. Burns died on the same day, due at least in part to the pulled PEG tube.

The Defendant filed his answer to the Plaintiff's complaint on May 9, 2018. As a defense, the Defendant asserted that "[i]f, as the Plaintiff alleges, the Plaintiff suffered injuries and damages as a proximate result of negligence, such negligence was that of persons, firms, or corporations other than this Defendant." (Answer at 6.)

On February 1, 2019, the Defendant filed notice of consideration of fault of nonparties, pursuant to W. Va. Code § 55-7-13d (a)(2). In the notice, the Defendant asserted that White Sulphur Springs Medical Center and/or Dorris Ragsdale, M.D. "may be wholly or partially at fault for the alleged claims, injuries and/or damages set forth by Plaintiff in this civil action." (Def.'s Notice at 2.) Specifically, the Defendant argues that he was not informed that Ms. Burns' PEG tube had been pulled out on December 15, 2015. Instead, the actions and omissions of the named nonparties "caused Ms. Burns to not receive timely and proper treatment for a dislodged PEG tube, which may have contributed to her death." (Def.'s Notice at 2-3.) The Defendant also stated in the notice that he does not believe that notice of nonparty fault is actually required since this "lawsuit involves a medical malpractice claim that is governed by and subject to the West Virginia Medical Professional Liability Act ("MPLA"), W. Va. Code § 55-7B-1 *et. seq.*" (Def.'s Notice at 1.)

On February 12, 2019, the Plaintiff filed a motion to dismiss the Defendant's notice of consideration of fault of nonparties on the grounds that the notice failed to comply with W. Va. Code § 55-7-13d. In the supporting brief, the Plaintiff argues that the Defendant failed to provide notice of nonparty fault within the time requirement set by the statute. Specifically, the Plaintiff asserts that the statute requires notice of consideration of nonparty fault to be filed within 180 days of "service of process." That means that the Defendant should have filed notice of consideration of nonparties by October 10, 2018, or 180 days after the Complaint was filed on April 12, 2018. Instead, the Defendant filed notice of consideration of nonparty fault on February 1, 2019. Because the Defendant missed the 180-day deadline, commencing with the service of the Complaint, the Plaintiff argues that the Defendant failed to satisfy the notice requirements for nonparty fault, and as such, the notice of nonparty fault should be dismissed by the Court.

On February 22, 2019, the Defendant filed a response in opposition to the motion to dismiss notice of consideration of fault of nonparties. In the response, the Defendant states that on June 5, 2018, the Defendant served his first set of interrogatories and requests for production of documents to the Plaintiff. On August 7, 2018, the Plaintiff served her responses to the Defendant's first set of interrogatories and requests for production of documents. Through that exchange, the Plaintiff notified the Defendant of a pending civil lawsuit in the Circuit Court of Greenbrier County, West Virginia. The Plaintiff did not, however, identify the parties to the lawsuit in response to the interrogatory. Instead, the Defendant had to obtain a copy of the complaint from the Circuit Court to learn about the details of the Plaintiff's other lawsuit.

The complaint obtained from the Circuit Court revealed that the Plaintiff had filed a parallel lawsuit against Dr. Ragsdale, the Medical Director of White Sulphur Springs Medical Center,

3

alleging that Dr. Ragsdale was negligent in providing medical care to Ms. Burns. In the Defendant's response, he argues that allegations contained in that complaint "are directly related" to the Plaintiff's claims against the Defendant in this case. (Def.'s Response at 4.)

Review of the complaint against Dr. Ragsdale reveals that the Plaintiff has alleged that Dr. Ragsdale failed to communicate with or inform the Defendant on issues related to the care of Ms. Burns, and that Dr. Ragsdale failed to follow the standard of care and the discharge instructions prescribed by the Defendant. Additionally, the Plaintiff alleges that the Defendant was not timely informed that Ms. Burns' PEG tube had been pulled out.

These allegations form the basis of the Defendant's argument that the claims against Dr. Ragsdale are directly related to the Plaintiff's claims against the Defendant. The Defendant further argues that if the Plaintiff's allegations against Dr. Ragsdale are taken as true, then the Defendant cannot be held responsible for various claims asserted against him by the Plaintiff in this case. (Def.'s Response at 4.) The Defendant filed notice of consideration of fault of nonparties "on February 1, 2019—178 days after the Plaintiff's discovery responses were served and [the] Plaintiff formally identified the pending action against Dr. Ragsdale." (Def.'s Response at 4.) Because the Defendant filed notice of consideration of fault of nonparties, identifying Dr. Ragsdale and White Sulphur Springs Medical Center, within 180 days of the Plaintiff's discovery responses, the Defendant argues that the motion to dismiss notice of consideration of fault of nonparties should be denied.

## DISCUSSION

West Virginia Code § 55-7-13d(a)(2) provides:

> Fault of a nonparty shall be considered if the plaintiff entered into a settlement agreement with the nonparty or if a defending party gives

> notice no later than one hundred eighty days after service of process upon said defendant that a nonparty was wholly or partially at fault. Notice shall be filed with the court and served upon all parties to the action designating the nonparty and setting forth the nonparty's name and last known address, or the best identification of the nonparty which is possible under the circumstances, together with a brief statement of the basis for believing such nonparty to be at fault.

In this case, the Defendant failed to provide notice that a nonparty may be at fault within 180 days of service of the complaint. He argues that the statute should be read to require notice of nonparty fault within 180 days of receipt of formal notice of nonparty fault. Further, the Defendant claims that the date of formal notice was August 7, 2018, when Plaintiff's written discovery responses were served. He also argues that the 180-day period should not commence prior to expert testimony necessary to establish medical negligence liability.

As such, the Defendant argues that the term "service of process" within the statute is ambiguous and should be read to mean service of any process that notifies Defendant of a nonparty potentially at fault. The Defendant also notes that since the Plaintiff has a pending lawsuit against Dr. Ragsdale on claims that are causally connected to the claims against the Defendant, the timing of the Defendant's notice of nonparty fault resulted in no surprise or prejudice to the Plaintiff.

The Plaintiff argues that the statute requires dismissal of the Defendant's notice of consideration of nonparties since he failed to file notice within 180 days of service of the complaint. It acknowledges that the Defendant's answer states as a defense, "[i]f as the Plaintiff alleges, the Plaintiff suffered injuries and damages as a proximate result of negligence, such negligence was that of persons, firms or corporations other than this Defendant." (Answer at 6; Pl.'s Brief in Supp. of Mot. at 1-2.) The Plaintiff asserts that such notice was not sufficient to satisfy the requirements of WV Code § 55-7-13d.

The Court finds that the Plaintiff's motion to dismiss Defendant's notice of consideration of fault of nonparty should be denied because the Court finds the statutory time limit for such filings to be inapplicable to this federal lawsuit.

Federal courts have the power to regulate practice and procedure of the district courts. 28 U.S.C. §§ 2071, 2072. Federal rules of procedure include both the Federal Rules of Civil Procedure and "wholly judge made procedural rules." *Rowland v. Patterson*, 852 F.2d 108, 110 (4th Cir. 1988), *on reh'g*, 882 F.2d 97 (4th Cir. 1989). Laws that conflict with federal rules of procedure "shall be of no further force or effect." 28 U.S.C. § 2072(b).

Federal rules of procedure are subject to the limitation that they "shall not abridge, enlarge, or modify any substantive right." 28 U.S.C. § 2072 (b); *Henderson v. United States*, 571 U.S. 654 (1996). Federal rules are valid, however, "so long as those rules regulate matters rationally capable of classification as procedure." *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 406 (2010) (quoting *Hanna v. Plumer*, 380 U.S. 460, 472 (1965)) (internal quotation marks omitted). Most procedural rules affect a litigant's substantive rights, despite being procedural in nature. *Shady Grove Orthopedic Assocs.*, 559 U.S. at 407; *Hanna*, 380 U.S. at 464-65. "What matters is what the rule itself regulates: If it governs only the manner and the means by which the litigants' rights are enforced, it is valid; if it alters the rules of decision by which the court will adjudicate those rights, it is not." *Shady Grove Orthopedic Assocs.*, 559 U.S. at 407 (quoting *Mississippi Publishing Corp. v. Murpree*, 326 U.S. 438, 446 (1946)) (internal quotation marks and brackets omitted).

In this case, the timing requirement imposed by the state statute, W. Va. Code § 55-7-13d, is procedural, not substantive, and therefore does not have to be given effect in federal courts.

Federal courts have held that federal rules trump state law when state law regulates procedure, or "alters the mode of enforcing state-created rights." *Hanna v. Plumer*, 380 U.S. 460, 473-74 (1965). Similarly, federal courts have held that timing is exactly the type of procedural matter to be governed by federal rules. *Id.*; *Scola v. Publix Supermarkets, Inc.*, 557 Fed.Appx. 458 (6th Cir. 2014) (noting that federal procedural rules applied because "the conflict ar[ose] over timing— i.e. *when* the framework applies and *when* the evidence thereunder may be considered").

The Supreme Court has further clarified the procedural nature of timing requirements as follows:

> having brought suit in federal court, a plaintiff cannot then insist on the right to file subsequent pleadings in accord with the time limits applicable in state courts, even though enforcement of the federal timetable will, if he continues to insist that he must meet only the state time limit, result in determination of the controversy against him.

*Hanna*, 380 U.S. at 468-69. In diversity actions, federal rules govern "the date from which various timing requirements of the Federal Rules begin to run . . ." *Stafford v. Doscher Supermarkets, Inc.*, 842 F.2d 1292, at *1 (4th Cir. 1988) (quoting *Walker v. Armco Steel Corp.*, 446 U.S. 740 751 (1980)).

The Federal Rules of Civil Procedure establish a procedural framework that is relevant to the state statutory timing requirement at issue in this case. For example, Rule 12 sets out timing requirements for filing answers, counterclaims, crossclaims, replies, responsive pleadings to motions, and motions for judgment on the pleadings. Fed. R. Civ. P. 12. Rule 15 sets out timing requirements for filing amendments to pleadings. Fed. R. Civ. P. 15. Similarly, Rule 33 sets out timing requirements for filing answers and objections to interrogatories. Fed. R. Civ. P. 33. As such, the Federal Rules impose timing requirements that govern the filing of documents analogous

7

to the notice of consideration of nonparties at issue in this case. Because the state statute, W. Va. Code § 55-7-13d (a)(2), imposes a timing requirement that is both procedural and in conflict with the framework established by the Federal Rules of Civil Procedure, the state law must yield. The Court has discretion to determine a schedule for filing notice of consideration of nonparty fault in this case and the state statutory time limit does not apply. Furthermore, the Federal Rules provide that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . ." Fed. R. Civ. P. 6(b).

Important to the Court's decision, the Plaintiff in this case was fully aware of the nonparties named by the Defendant in the notice. In fact, the Plaintiff has filed another lawsuit against at least one of the nonparties. As such, there is no risk of surprise or unfair prejudice to the Plaintiff. Moreover, the Defendant's notice of consideration of fault of nonparties was filed within 180 days of the interrogatory response which put the Defendant on notice of the lawsuit concerning the nonparties. In view of these considerations, even if the 180-day deadline for filing notice of nonparty fault were applicable to this action in federal court, there is good cause to extend the timing requirement imposed by the state statute to correspond with the Defendant's discovery of information necessary to complete the notice.

Most important, however, the Court having found that the state statutorily imposed time limit is procedural and not applicable here, there is no basis to dismiss the Defendant's notice of consideration of fault of nonparties.

## CONCLUSION

Wherefore, after careful consideration, the Court hereby **ORDERS** that the *Plaintiff's Motion to Dismiss Defendant's Notice of Consideration of Fault of Nonparty Pursuant to WV*

*Code § 55-7-13d* (Document 24) be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: September 17, 2019

_____
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA