# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF WEST VIRGINIA

## AT BECKLEY

ESTATE OF LORA MAE BURNS,
by and through,
REBECCA VANCE,
as Administratrix of the Estate of Lora Mae Burns,

           Plaintiffs,

v.                          CIVIL ACTION NO. 5:18-cv-00888

DR. STEPHEN M. COHEN,

           Defendant.

## MEMORANDUM OPINION AND ORDER

Pending is the Estate of Lora Mae Burns' (the "Estate's") first motion in limine [Doc. 68] requesting a determination that the 2015 version of the Medical Professional Liability Act ("MPLA" or "statute") applies to this action.

### I.

This MPLA action alleges negligence against Defendant Dr. Stephen Cohen in connection with the death of Lora Mae Burns. On December 15, 2015, Dr. Cohen performed a procedure on Ms. Burns placing a percutaneous endoscopic gastrostomy ("PEG") tube. That day, Ms. Burns was discharged from the hospital to the White Sulphur Springs Center ("WSSC"). The next day, Ms. Burns died. After her death, in 2018, the Estate filed separate actions against Dr. Cohen [Doc. 1-1], Dr. Dorris Ragsdale [Doc. 64-1], and the WSSC [Doc. 64-2] alleging negligence under the MPLA. The suits against Dr. Ragsdale and the WSSC have since resolved.

In the pending motion, the Estate anticipates that Dr. Cohen will attempt to attribute fault to Dr. Ragsdale and the WSSC [Doc. 68]. The Estate contends that the version of the MPLA

in effect at the time of Ms. Burns' death prohibits introduction of such evidence. *See* W. Va. Code § 55-7B-9(b) (2015).

The 2015 version of the statute provides, "[i]n assessing percentages of fault, the trier of fact shall consider only the fault of the parties in the litigation at the time the verdict is rendered and shall not consider the fault of any other person who has settled a claim with the plaintiff arising out of the same medical injury." *Id.* But Dr. Cohen cites a 2016 amendment to the statute. The amendment was in effect when the Estate filed this action and remains in effect today. It was, however, not in effect when Ms. Burns passed away. Following the 2016 amendment, the statute reads, "[t]he trier of fact shall, in assessing percentages of fault, consider the fault of all alleged parties, including the fault of any person who has settled a claim with the plaintiff arising out of the same medical injury." W. Va. Code § 55-7B-9(b) (2016). At issue is which version of the MPLA applies to this action.[1]

## II.

Statutes addressing "substantive rights" or "substantive liabilities" are presumed to apply prospectively. Syl. Pt. 2, *Public Citizen, Inc. v. First Nat'l Bank in Fairmont*, 198 W. Va. 329, 331, 480 S.E.2d 538, 540 (1996) (prospectively applying a Uniform Commercial Code provision regarding payee endorsements). But "remedial" statutes do not trigger the reliance concerns underpinning the presumption in favor of prospective application. *Id.* at 544. Instead, remedial provisions generally "apply to actions tried after their passage even though the right or cause of action arose prior thereto." *Martinez v. Asplundh Tree Expert Co.*, 239 W. Va. 612, 619, 803 S.E.2d 582, 588 (2017) (quoting Norman Singer, 3 Sutherland Statutory Construction § 60:1

---

[1] The Estate's motion refers to both the 2016 and 2017 amendments to the MPLA. The 2017 amendment, however, did not address the provision at issue.

2

(7th ed. 2016)). Accordingly, remedial statutes are not subject to a retroactivity analysis. *See id.*; *Mildred L.M. v. John O.F.*, 192 W. Va. 345, 351, 452 S.E.2d 436, 442 n.10 (1994).

"[A] remedial statute has been defined as 'a statute that relates to practice, procedure, remedies and does not affect substantive or vested rights.'" *Martinez*, 803 S.E.2d at 587 (quoting 73 Am. Jur. 2d Statutes § 7 (2017)). Remedial statutes "improve[] or facilitate[] remedies already existing for the enforcement of rights of redress of wrongs, as opposed to an enactment extinguishing a cause of action or barring a party from prosecuting a cause of action that affects substantive rights." *Id.* at 588; *see Mildred L.M.*, 452 S.E.2d at 351 n.10. "[R]etroactivity ought to be judged with regard to the act or event that the statute is meant to regulate." *Martinez*, 803 S.E.2d at 588. Applying these principles, the West Virginia Supreme Court of Appeals held that statutes establishing a cap on punitive damages (W. Va. Code § 55-7-29) and mitigating a plaintiff's recovery of back pay and front pay (W. Va. Code § 55-7E-3) are remedial in nature. *Martinez*, 803 S.E.2d at 587–89. The statutes regulated the award of damages at trial, an event post-dating the effective date of the legislation. *See id.* at 588. The Court further reasoned that "a plaintiff has no vested right in a particular measure of damages." *Id.* (quoting *Shepherd Components, Inc. v. Brice Petrides-Donohue & Assocs.*, 473 N.W.2d 612, 619 (Iowa 1991)). Remedial in nature, both statutes were "applicable irrespective of when the cause of action accrued or when the claim or suit is filed." *Id.*

### III.

As noted, the pertinent amendment of the MPLA reads, "[t]he trier of fact shall, in assessing percentages of fault, consider the fault of all alleged parties including the fault of any person who has settled a claim with the plaintiff arising out of the same medical injury." W. Va. Code § 55-7B-9(b). The statute does not bar, extinguish, or otherwise regulate a plaintiff's right to

pursue a cause of action under the MPLA against multiple defendants. Rather, it addresses a plaintiff's remedy among multiple alleged tortfeasors where one or more tortfeasors have previously settled with the plaintiff. Fundamentally remedial, the 2016 amendment to West Virginia Code § 55-7B-9(b) applies "irrespective of when the cause of action accrued." *Martinez*, 803 S.E.2d at 588. Moreover, the 2016 amendment pre-dates the Estate's civil actions against Dr. Cohen, Dr. Ragsdale, and the WSSC. In other words, the legislation was in effect when the Estate initiated its claims against multiple tortfeasors, and when it settled a claim with at least one. "[T]he reliance interest that is the foundation for the interpretive principle limiting retroactive application is not engaged" where, as here, the affected party had notice of the legislation's effect when it initiated these actions and engaged in settlement negotiations among the multiple tortfeasors. *Public Citizen, Inc.*, 480 S.E.2d at 544.

**IV.**

For the reasons stated above, the Estate's motion in limine **[Doc. 68]** is **DENIED** in part, inasmuch as it seeks a determination that the 2015 version of West Virginia Code § 55-7B-9(b) applies.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTERED: March 11, 2020



Frank W. Volk
United States District Judge